UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10723-ODW-MBK | Date | October 13, 2026 |
| Title | Taijah Jabriel Jackson v. The Superior Court of California, et al. | | |

| | |
|---|---|
| Present: The Honorable | Michael B. Kaufman, U.S. Magistrate Judge |

| | |
|---|---|
| James Muñoz | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE WHY THE PETITION (DKT. 1) SHOULD NOT BE DISMISSED FOR LACK OF EXHAUSTION AND FAILURE TO COMPLY WITH HABEAS RULE 2

Petitioner Taijah Jabriel Jackson is incarcerated at High Desert State Prison in Susanville, California. Petitioner filed the Petition in this action seemingly pursuant to 28 U.S.C. § 2241 on July 15, 2026, in the Southern District of California. Dkt. 1. On the same date, Petitioner filed a request to proceed *in forma pauperis*. Dkt. 2. The case was transferred to the Central District of California on September 17, 2026. Dkt. 3.

On the face of the petition, Petitioner challenges disciplinary proceedings imposed by the Airport Courthouse in Los Angeles, resulting in four years in state prison. Dkt. 1 at 2. However, Petitioner also states the grounds on which he believes he is being unlawfully held are (1) "legal malpractice: tort," (2) "criminal threats, staff misconduct," and (3) "mentally unstable." *Id.* Petitioner's supporting facts for these claims include assertions that he is being human trafficked, (*id.* at 4), that a lawyer named Trayanna Enriquez drugged, threatened, stalked, and sexually harassed him, (*id.* at 5), and that he was drugged in court while staff were physically "corrupting" him. *Id.* at 6.

To the extent that Petitioner, *pro se*, is challenging the legality of his conviction in state court and subsequent incarceration in state prison, the Court construes the Petition as being brought under 28 U.S.C. § 2254, which provides the federal courts with jurisdiction to consider habeas petitions on behalf of individuals in state custody or challenging a state conviction. The Court has thus conducted a preliminary review of the Petition pursuant to Rule 4 of the Habeas Rules. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Rule 4 of the Habeas Rules allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court…" *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10723-ODW-MBK | Date | October 13, 2026 |
| Title | Taijah Jabriel Jackson v. The Superior Court of California, et al. | | |

For the reasons that follow, the Court finds that the Petition is subject to dismissal for lack of sufficient factual allegations to state any basis for habeas relief and for failure to exhaust. However, before recommending dismissal of the claims, the Court will provide Petitioner an opportunity to explain why this action should not be dismissed.

## DISCUSSION

### I. The Petition Does Not Comply with Rule 2 of the Habeas Rules.

Habeas Rule 2(c) instructs that a petition must, among other things: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested." This is a "more demanding" standard than applies in "ordinary civil proceedings." *Mayle v. Felix,* 545 U.S. 644, 655 (2005).

In its entirety, the Petition appears to set forth the following facts. Petitioner was convicted in state court on January 12, 2026, and sentenced to four years in state prison. Dkt. 1 at 2. Petitioner appealed on March 3, 2026, raising issues of his "innocen[ce]" and "the[re] was no victim of crime." *Id.* At some unspecified time, Petitioner claims he was a victim of legal malpractice. *Id.* at 4. He believes he is being trafficked and legally mistreated because of his age, skin color, and race. *Id.* He graduated high school at the top of his class in 2012 and moved to Los Angeles for college. *Id.* He chose to move to Walnut Park because of the video game Grand Theft Auto: San Andreas. *Id.* Petitioner asserts he has been targeted, stalked, and profiled ever since. *Id.* At some point, a lawyer named Trayanna Enriquez drugged him, threatened his life, stalked him, and sexually harassed him. *Id.* at 5. This lawyer was also friends with "Allen" and worked to "plant" his case. *Id.* At some point during Petitioner's court proceedings, Petitioner was drugged. *Id.* at 6. Petitioner had a previous case where he was incarcerated for drug abuse, but that case was dropped. *Id.* In his current case, he "cried of Insanity" and believes staff committed "physical tort" against him by "corrupting" him. *Id.* He asserts he was being stalked and harassed. *Id.*

Based on this information before the Court, Petitioner's allegations are too vague to state grounds for habeas relief. It is unclear whether Petitioner is challenging his conviction in state court or the execution of his sentence in state prison, whether Petitioner is claiming innocence or ineffective assistance of counsel, or whether he has any other grounds for relief. The Petitioner therefore does not comply with Habeas Rule 2(c)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10723-ODW-MBK | Date | October 13, 2026 |
| Title | Taijah Jabriel Jackson v. The Superior Court of California, et al. | | |

because the Court is unable to discern the grounds for the Petition and the facts supporting each ground.

## II. The Petition Appears to be Unexhausted.

Under Section 2254, a petitioner is typically required to exhaust their claims (that is, present the claims) to the state courts before seeking federal court relief. “In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents them to a federal court in a habeas petition.” *O’sullivan v. Boerckel,* 26 U.S. 838, 842 (1999). Exhaustion requires the prisoner’s claims and grounds for relief be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). To “fairly present” a federal claim to the state courts, the prisoner must describe both the operative facts and the precise federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). The petitioner bears the burden of showing compliance with the exhaustion requirement. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, Petitioner has not provided any information that he has raised his claims in the state courts before seeking federal habeas relief. Petitioner therefore has not met his burden to establish that he has exhausted his claims.

## CONCLUSION

As a result, it appears that all of Petitioner’s claims are insufficiently pled and unexhausted under 28 U.S.C. § 2254. Before recommending dismissal of the claims, the Court will provide Petitioner an opportunity to explain why this action should not be dismissed. Petitioner is **ORDERED** to file a response to explain why he believes his claims are sufficiently pled under Habeas Rule 2(c) and are exhausted under Section 2254. Petitioner shall file his response by no later than **November 16, 2026.**

**Petitioner is warned that failure to file a timely response may result in a recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).**

***

Petitioner is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10723-ODW-MBK | Date | October 13, 2026 |
| Title | Taijah Jabriel Jackson v. The Superior Court of California, et al. | | |

**requirements may be returned to Petitioner without filing and will not be considered by the Court**.

1. All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

2. Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

3. At the top of the first page of any document sent to the Court, Petitioner must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Petitioner's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Petitioner fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

***Failure of a pro se Party to Keep Court Apprised of Current Address: A*** **party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se Petitioner at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.**

**IT IS SO ORDERED.**